## ST. LOUIS & S. F. RY. CO. v. DIRICKSON.

No. 4021.   Opinion Filed May 25, 1915.

(149 Pac. 219.)

**APPEAL AND ERROR—Failure to File Brief—Reversal.** When a defendant in error fails to file a brief, and assigns no reason for this failure, if upon an examination of the record and brief of the plaintiff in error it appears that the grounds for reversal urged by the plaintiff in error are reasonably sustained by his brief, the cause will be reversed.

(Syllabus by Brett, C.)

*Error from District Court, Rogers County;*

*T. L. Brown, Judge.*

Action by John Dirickson against the St. Louis & San Francisco Railway Company. Judgment for plaintiff, and defendant brings error. Reversed.

*W. F. Evans,* and *R. A. Klienschmidt* and *Fred E. Suits,* for plaintiff in error.

BRETT, C.   This suit was filed in the district court of Rogers county October 30, 1909, by the defendant in error, who was plaintiff below, against the plaintiff in error, who was defendant below, and the parties to this action will hereinafter be referred to as they appeared in the lower court.   The suit was filed to recover $775 damages alleged to have been sustained by the plaintiff by reason of a shipment of 19 cars of cattle, made December 10, 1908, having been unnecessarily delayed by defendant.   Said cattle are alleged to have been delayed 5 hours at Sapulpa and 12 hours at Tulsa.   Eleven head of cattle are alleged to have died as a result of said delay, to the damage of

plaintiff in the sum of $275; and the remainder of the cattle are alleged to have been damaged by reason of the delay, in the sum of $500.

Summons was issued, and the return thereon is the following:

"State of Oklahoma, County of Rogers—ss.: Received this writ 10-30 1909, and as commanded herein I summoned the following persons of the defendants within named at the times following, to wit: That the president, secretary, cashier, chairman of the board of directors, and managing agent are nonresidents of Rogers county, state of Oklahoma, and could not be found therein, and that said service was effected by delivering a true and certified copy of the within summons and all the indorsements thereon at the usual place of business of said defendants in Claremore, Rogers county, state of Oklahoma, to F. G. Griswold, the party in charge thereof on the 1st day of November, 1909."

Defendant made special appearance and moved to quash the purported summons, and pretended service thereof, for the reason that the same was not issued, served, and returned according to law. Upon a hearing the motion to quash was overruled, and defendant given ten days in which to plead. This service is clearly defective, and the motion to quash should have been sustained.

The defendant for amended answer admits that the eleven head of cattle died, but denies that it was due to the negligence of the defendant, and alleges that the original point of said shipment was Kelleyville, and the point of destination was Catoosa; that Kelleyville was in the quarantine district of Oklahoma, and Catoosa was above the quarantine line; that said cattle could not be shipped from the original point to the point of destination without being dipped, and passed by the cattle inspector of the state of Oklahoma or the United States; but plaintiff informed the agent of defendant at Kelleyville, at the time of making the contract to ship said cattle from Kelleyville to Catoosa, that he had an agreement with the cattle inspector and

the defendant company, to the effect that his cattle could be shipped from that point to Catoosa without inspection; that on reaching Sapulpa the defendant refused to ship said cattle across the quarantine line, unless plaintiff would have the cattle duly inspected by the United States, which the plaintiff refused to do; that defendant then agreed to ship said cattle to a point in Tulsa, which was below the quarantine line, and the nearest point to the original point of destination, that said cattle could be shipped to, without being inspected; that, after some delay, plaintiff finally accepted this proposition; and that any delay at Sapulpa was due to the refusal of plaintiff to have the cattle inspected as provided by law, and his delay in agreeing to the change of destination; and further alleges that the delay at Tulsa was due to the failure of plaintiff to promptly pay the freight on said cattle.

The answer further denies that the cattle died or were injured by reason of its negligence, but was due to the negligence of plaintiff, and to the inherent weakness of the injured cattle or the viciousness of the other cattle loaded in the same car.

Plaintiff filed no reply to the amended answer of the defendant. Defendant objected to the introduction of any evidence, which objection was overruled. The cause was tried to a jury, which returned a verdict for $775 in favor of plaintiff. Upon this verdict judgment was rendered, and from this judgment the defendant has perfected its appeal to this court.

The defendant relies on nine assignments of error.

The case was filed in this court May 29, 1912, and the defendant on July 7, 1913, filed an elaborate brief; the plaintiff has filed no brief, and has assigned no reason for his failure to do so. We have examined the record, and the brief of the defendant, and find that its position on the errors assigned is reasonably sustained by the authority cited.

We recommend that the judgment be reversed, and the cause remanded.

By the Court. It is so ordered.